IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS JONES, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 3:11-CV-2153-D |
| VS. | § | |
| | § | |
| DALLAS COUNTY, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this action alleging claims for race discrimination and intentional infliction of emotional distress, plaintiffs have filed a second motion for equitable relief[1] seeking a preliminary injunction and a declaratory judgment. For the reasons that follow,[2] the court denies the motion.

I

This is a suit by plaintiffs Dennis Jones ("Dennis"), R.L. Lawson ("Lawson"), and Clarence Jones ("Clarence") alleging race discrimination, in violation of Title VII of the

---

[1]Plaintiffs filed their motion under seal on June 14, 2013, and, in response to a court order, filed a redacted version on June 18, 2013. The court concludes that this memorandum opinion and order should not be sealed.

[2]The court is deciding plaintiffs' preliminary injunction motion on the papers, without conducting an evidentiary hearing, as permitted by Fed. R. Civ. P. 43(c). *See, e.g., Wireless Agents, L.L.C. v. Sony Ericsson Mobile Commc'ns AB*, 390 F.Supp.2d 532, 533 n.1 (N.D. Tex. 2005) (Fitzwater, J.) (addressing former Rule 43(e)), *aff'd*, 189 Fed. Appx. 965 (Fed. Cir. 2006). Pursuant to Rule 52(a), the court sets out its findings of fact and conclusions of law in this memorandum opinion and order.

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.[3] In the instant motion, plaintiffs seek a preliminary injunction and declaratory judgment.[4]

Plaintiffs are currently employed by defendant Dallas County in various capacities. They allege that they have been subjected to discrimination and harassment based on race, a hostile work environment, disparate terms and conditions of employment, retaliation, and intentional infliction of emotional distress. They seek a preliminary injunction prohibiting defendants from (1) excluding African-American Facilities Management workers from staff meetings on the basis of race; (2) denying African-American building mechanics in Dallas County Facilities Management equal access to tools; (3) retaliating against plaintiffs for bringing these discrimination claims; (4) intimidating witnesses to this litigation; and (5) failing or refusing to apply the Dallas County Code discrimination policy to discrimination complaints by African-American workers against Dallas County Facilities Management. Plaintiffs also seek a declaratory judgment that "the April 19, 2013 Whites-Only Facilities

---

[3]Plaintiffs sue Dallas County and the Dallas County Commissioners Court under Title VII and 42 U.S.C. § 1981, and they sue various individuals under 42 U.S.C. § 1983.

[4]On December 6, 2012 plaintiffs filed a motion for a preliminary injunction in which they sought "a preliminary injunction enjoining all Defendants from continuing to discriminate against Plaintiffs pending a final disposition of this case." Ps. Dec. 6, 2012 Mot. 1. On December 18, 2012 the court filed a scheduling order for consideration of the motion. Plaintiffs did not file any supporting materials until June 14, 2013, when they filed the instant second motion. Due to the interval between the two filings and the fact that plaintiffs styled the instant motion as a second motion, the court denied the December 6, 2012 motion without prejudice.

Management meeting" and defendants' ongoing witness intimidation violate 42 U.S.C. § 1981.

II

The court begins with plaintiffs' request for a declaratory judgment. Plaintiffs have not demonstrated the court's authority to enter a declaratory judgment before a final adjudication of the merits of this case. In making this request, they appear to assume that the court will exercise its authority under Fed. R. Civ. P. 65(a)(2) to consolidate their motion for equitable relief with a trial on the merits. Because the court is not doing so, it is empowered to grant only temporary relief, not a final judgment, such as a declaratory judgment. *Cf., e.g., Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808 (9th Cir. 1963) (holding in preliminary injunction context that "it is not usually proper to grant the moving party the full relief to which he might be entitled if successful at the conclusion of a trial"). Plaintiffs' motion for entry of a declaratory judgment is therefore denied.

III

The court now considers plaintiffs' motion for a preliminary injunction.

A

To obtain a preliminary injunction, plaintiffs must establish the following: (1) a substantial likelihood that they will prevail on the merits; (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm the injunction may do to defendants; and (4) that granting the preliminary injunction will not disserve the public interest. *E.g., Jones v. Bush*, 122

F.Supp.2d 713, 718 (N.D. Tex. 2000) (Fitzwater, J.), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision). Plaintiffs must satisfy all four requirements. "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Id.* (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). "The decision to grant a preliminary injunction 'is to be treated as the exception rather than the rule.'" *Id.* (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (stating that movant must "clearly carr[y] the burden of persuasion")).

B

Plaintiffs have not established a substantial threat that they will suffer irreparable injury if the injunction is not granted. The court therefore need not address the other three factors.[5]

1

In addressing this factor, plaintiffs argue that, "[i]n the civil rights context . . . the Fifth Circuit has most often held irreparable harm is presumed when a civil rights statute has been violated." Ps. Br. 41-42. In support of this assertion, they cite two Fifth Circuit decisions.

---

[5]Because the parties seeking a preliminary injunction must carry the burden of persuasion on all four factors, and because plaintiffs have failed to carry their burden of showing a substantial threat that they will suffer irreparable injury if the injunction is not granted, the court need not address the remaining three factors. *See, e.g.*, *TRAVELHOST, Inc. v. Figg*, 2011 WL 6009096, at *5 (N.D. Tex. Nov. 22, 2011) (Fitzwater, C.J.) (citing *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) (per curiam) (affirming denial of preliminary injunctive relief on ground that movant had failed to show irreparable injury, and pretermitting discussion of other three factors)).

*Id.* at 42 n.200 (citing *EEOC v. Cosmair, Inc.*, 821 F.2d 1085, 1090-91 (5th Cir. 1987), and *United States v. Hayes Int'l Corp.*, 415 F.2d 1038, 1045 (5th Cir. 1969)).  The court disagrees that plaintiffs can satisfy the second preliminary injunction factor based on a presumption of irreparable harm.

In *White*, a case decided after *Cosmair* and *Hayes*, the Fifth Circuit clarified the holdings of these two cases.  *White*, 862 F.2d at 1211.  It explained that, in the context of Title VII discrimination cases brought by individual plaintiffs, irreparable harm must be independently established.

> A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion."  Without question, the irreparable harm element must be satisfied by independent proof, or no injunction may issue . . . .  The ultimate thrust of plaintiff's argument, to the extent that one can be discerned from his brief, is that irreparable harm need not be established independently in a Title VII case in order for an injunction to issue.  The cases cited in behalf of this proposition are all inapposite.  Both [*Hayes*] and [*Cosmair*] held only that irreparable harm need not be proven if (1) the injunctive relief is sought pursuant to statute by the appropriate government officer or agency and (2) all of the statutory prerequisites are met . . . .  There is no way to read these cases as eliminating generally the irreparable harm requirement for all Title VII plaintiffs.

*Id.* (some citations omitted).  In the present case, plaintiffs are not government officers or agencies seeking injunctive relief pursuant to a statute.  Thus to the extent they rely on a "presumption" of irreparable harm to satisfy the second preliminary injunction factor, this reliance is misplaced.  Instead, they must satisfy this requirement as would any other litigant.

2

As evidence of a substantial threat of irreparable injury, plaintiffs cite an August 9, 2012 memorandum addressed to all Dallas County Facilities Management employees stating, *inter alia*, that "[t]his litigation has nothing to do with our daily routines." Ps. Br. 43 (quoting Ps. App. 132). Plaintiffs maintain that "it is absolutely certain the status quo — what Plaintiffs have shown to be comprised of ongoing constitutional deprivations—will continue unless Defendants are enjoined." *Id.* They then argue that at least one non-Caucasian Facilities Management worker witness to this litigation has stated that he no longer complains when his constitutional rights are violated because he knows the claims will not be genuinely investigated or discipline applied.

Plaintiffs' evidence that *other* non-Caucasian Facilities Management workers no longer complain when their constitutional rights are violated does not establish that Dennis, Lawson, or Clarence faces a substantial threat that he will suffer irreparable injury if a preliminary injunction is not granted.

Moreover, plaintiffs' argument is legally insufficient to satisfy the second factor. "Federal courts have long recognized that, when the threatened harm is more than de minimis, it is not so much the magnitude but the *irreparability* that counts for purposes of a preliminary injunction." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (emphasis in original) (citations and internal quotation marks omitted). "It is thus well-established that an injury is irreparable only 'if it cannot be undone through monetary remedies.'" *Id.* (quoting *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th

Cir. 1984)).

> Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction], are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily against a claim of irreparable harm.

*Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975) (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)). To the extent plaintiffs argue that defendants' continuation of the status quo will result in further violations of Title VII, §1981, or § 1983, they have failed to establish that they lack an adequate remedy at law.[6]

Plaintiffs also argue that there is proof of a viable threat to Dennis' health, citing evidence that "a doctor required him to miss at least one day of work and prescribed medication due to stressful working conditions." Ps. Br. 43. They rely on proof that, in early November 2012, Dennis was formally questioned and reprimanded for allegedly distributing a government flyer regarding one of the Caucasian employees. On November 13, 2012 Dennis's physician "certified" his "serious health condition" for Family and Medical Leave

---

[6]Regarding the alleged intimidation of witnesses to this litigation, plaintiffs' vague allegation that "Defendants['] concerted intimidation tactics could well dissuade a reasonable person from pursuing the discrimination complaints due to fear of reprisal at work [and] could chill testimony given by any other witness," Ps. Br. 19, is alone insufficient to establish a substantial threat that they will suffer irreparable injury if the injunction is not granted. And statutes such as 42 U.S.C. § 1985(2) provide remedies at law for such conduct. *See, e.g., Mitchell v. Johnson*, 2008 WL 3244283, at *4 (5th Cir. Aug. 8, 2008) (unpublished opinion) ("Our current understanding of § 1985(2) is that the statute seeks to ensure the fair adjudication of cases in federal court and provides a civil remedy where individuals conspire to exert untoward external pressure on parties or witnesses because of their participation in judicial proceedings.").

Act leave, specifying that he "must be off work to rest and see the specialist for escalation." *Id.* at 44 (quoting Ps. App. 54). [7]

Assuming *arguendo* that there is a sufficient causal connection between Dennis' protected activity (the bringing of his discrimination claims) and the formal questioning and reprimand that occurred in November 2012, plaintiffs have not shown that Dennis faces a substantial threat of *future* irreparable injury as a result of defendants' alleged retaliation. Specifically, the evidence plaintiffs cite relates to events that occurred over eight months ago. Plaintiffs offer no proof that establishes that Dennis is likely to suffer additional injuries to his health if the court does not issue an injunction prohibiting "[r]etaliating against [p]laintiffs for bringing their discrimination claims." *Id.* at 2.

Finally, plaintiffs argue that each constitutional deprivation creates a new cause of action, "lessening the likelihood that accruing harms against Plaintiffs, or their co-workers, have the potential to be fully remedied monetarily through county funds." *Id.* at 44-45. But plaintiffs cite no evidence in support of this argument. And the court has no reason to presume that Dallas County, the Dallas County Commissioners Court, or the individual defendants lack sufficient funds to pay a judgment if additional constitutional violations occur.

Plaintiffs have failed to show on any other basis a substantial threat that they will suffer irreparable injury if the injunction is not granted.

---

[7] Because the court is not filing this memorandum opinion and order under seal, it will not recount specific medical information on which plaintiffs rely.

\*   \*   \*

For the foregoing reasons, plaintiffs' motion for a preliminary injunction and a declaratory judgment is denied.

**SO ORDERED.**

August 9, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE